ROBERT F. BUZZARD, Esq.  SBN 303357
**CALIFORNIA INJURY AGENCY**
729 1st Street, Suite D
Brentwood, CA 94513
Phone:  (866) 465-2999
Fax:      (925) 289-8846

Attorney for Plaintiff(s).

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN CHAN and MARGARETTE CHAN,<br><br>    Plaintiff<br>    v.<br><br>UNITED STATES OF AMERICA, US POSTAL SERVICE, MARLON B. PARILLA; and DOES 1 through 10 Inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR PERSONAL INJURIES; PLAINTIFFS REQUEST TRIAL BY JURY ON ALL COUNTS** |

## COMPLAINT

COME NOW Plaintiffs, by and through counsel, ROBERT F. BUZZARD, The law firm of California Injury Agency, LLP, and for their causes of action against Defendants, pursuant to 28 U.S.C. §§ 2671 et seq., respectfully state as follows:

## PARTIES

1. Plaintiffs, at all times material hereto, were and are individuals over the age of eighteen (18) years residing in the City of Sunnyvale, CA.

2. Defendant United States of America ("USA") operates the Unites States Postal Service ("USPS").

3. Upon information and belief, at all times material hereto, Defendant MARLON B. PARILLA, Jr. was an employee of USPS.

**JURISDICTION**

4. This action is brought pursuant to 28 U.S.C. §§ 2671 et seq., known as the Federal Tort Claims Act.

5. This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

6. On April 29, 2021, Plaintiff Allen Chan submitted an administrative claim for the claims set forth herein.

7. On June 14, 2021, Plaintiff Allen Chan's administrative tort claim will be denied by operation of law. This action is timely filed, and all conditions precedent to this action pursuant to the Federal Tort Claims Act have been satisfied.

8. Venue is properly within this district pursuant to 28 U.S.C. §§ 1402 as Plaintiffs reside in this judicial district and the acts or omissions complained of occurred in this judicial district.

**EXHAUSTION**

9. Plaintiff filed an administrative claim with the USPS on April 29, 2021. The USPS mailed a notice of denial of Plaintiff's claim on December 13, 2021. Accordingly, Plaintiff has exhausted its administrative remedies for purposes of its claims against the United States under the Federal Tort Claims Act. 28 U.S.C. § 2675(a).

**FACTS COMMON TO ALL COUNTS**

10. On or about May 25, 2019, in the City of Sunneyvale, County of the Santa Clara, California, Plaintiff Allen Chan Plaintiff was Driving his Lexus RX 350 2007, with plate number 5WBJ933, at around 3:40 PM. Plaintiff turned left onto Tamarack Lane from Halford Avenue, heading west.

11. At said time and place, USPS driver Defendant MARLON B. PARILLA, Jr., was driving a USPS vehicle About 150 feet from the intersection, Plaintiff saw the mail truck double parked on the driving lane. (https://goo.gl/maps/Lx2GWugcCkxzYo4d6).

12. Plaintiff slowed down to almost a complete stop behind it and noticed that it did not have any lights or blinkers on. This part of the road does not have an intersection or driveways. The road itself does not have any divider lines or markings.

13. After several seconds, Plaintiff merged left and proceeded to pass the truck. Travelling at about 20 MPH, Plaintiff was about threequarters of the way past when he heard an impact and his car was suddenly and violently jerked sidewards, the USPS truck had tried merging left into Plaintiff.

14. At said time and place, USPS driver Defendant MARLON B. PARILLA, Jr. failed to yield to Plaintiff's vehicle causing a collision with the rear of Plaintiff Allen Chan's vehicle.

15. At said time and place, USPS driver Defendant MARLON B. PARILLA, Jr. was in the course and scope of his employment with Defendant USA.

## COUNT I – RESPONDEAT SUPERIOR

COMES NOW Plaintiff Allen Chan and, for Count I of his cause of action against Defendant USA, alleges and states as follows:

16. Plaintiff Allen Chan adopts by reference paragraphs 1-15.

17. As a government entity, Defendant USA acts through its officers, agents, servants, and/or employees. Any acts or omissions of an officer, agent, servant, and/or employee made while acting in the scope of authority delegated by Defendant USA, or within the scope of the duties of said employee, is the act or omission of Defendant USA.

18. That Defendant USA, through its agent or employee, was negligent in:

   a. in failing to yield the right of way;

   b. in failing to keep a careful lookout;

   c. in driving at an excessive speed under the circumstances;

   d. in failing to sound warning;

   e. in failing to stop or slow after Defendant knew or, by the use of the highest degree of care, could have known there was a reasonable likelihood of collision

   f. in allowing Defendant's vehicle to come into contact with Plaintiff's vehicle

19. That on or about May 25, 2019, the State of California had in full force and in effect various municipal codes; that Defendant breached said codes that constitute actionable negligence per se and that the specific codes which were breached are set forth in pertinent part:

   a. in driving recklessly in violation of Vehicle Code 23103; and

b.       in executing an unsafe lane change under the circumstances in violation of Vehicle Code 22107.

c.       in failing to yield the right of way in violation of Vehicle Code 21804.

20.     Defendant USA's negligence caused or contributed to cause Plaintiff Allen Chan to sustain injuries to his neck, shoulder, back, buttocks, and thighs. He suffered pain and anxiety of body and mind, and experienced emotional upset as an incident of his physical injuries, suffers them at the present time, and will suffer them in the future, said injuries, pain, and damages being permanent, disabling, and progressive.

21.     By reason of his injuries, Plaintiff Allen Chan paid or became obligated for, and in the future will pay or become obligated for, items of expense in obtaining and receiving medical care and treatment, including possible surgery, and has suffered loss of enjoyment of life.

WHEREFORE, Plaintiff Allen Chan prays that he be awarded fair and reasonable damages in excess of $2,000,000.00 together with his costs herein incurred and expended, and for such further and additional relief as this Court deems just and proper under the circumstances.

## COUNT II – NEGLIGENT HIRING/TRAINING

COMES NOW Plaintiff Allen Chan and, for Count II of his cause of action against Defendant USA, alleges and states as follows:

22.     Plaintiff Allen Chan adopts by reference paragraphs 1-21.

23.     Defendant USA owed the general public, including Plaintiff Allen Chan, a duty to diligently and adequately screen potential employees regarding their driving abilities.

24.     Defendant USA owed the general public, including Plaintiff Allen Chan, a duty to diligently and adequately train employees regarding their driving abilities.

25.     Defendant USA failed to properly instruct Defendant MARLON B. PARILLA on safe driving.

26.     Defendant USA failed to provide Defendant MARLON B. PARILLA with continuing education on the safe driving skills necessary to fulfill his duty of care.

27.     Defendant USA's negligence caused or contributed to cause Plaintiff Allen Chan to sustain injuries to his brain, neck, shoulder, back, buttocks, and thighs. He suffered pain and anxiety

of body and mind, and experienced emotional upset as an incident of his physical injuries, suffers them at the present time, and will suffer them in the future, said injuries, pain, and damages being permanent, disabling, and progressive.

28. By reason of his injuries, Plaintiff Allen Chan paid or became obligated for, and in the future will pay or become obligated for, items of expense in obtaining and receiving medical care and treatment, including possible surgery, and has suffered loss of enjoyment of life.

WHEREFORE, Plaintiff Allen Chan prays that he be awarded fair and reasonable damages in excess of $2,000,000.00 together with his costs herein incurred and expended, and for such further and additional relief as this Court deems just and proper under the circumstances.

### COUNT III – NEGLIGENT SUPERVISION/RETENTION

COMES NOW Plaintiff Allen Chan and, for Count III of his cause of action against Defendant USA, alleges and states as follows:

29. Plaintiff Allen Chan adopts by reference paragraphs 1-28.

30. Defendant USA owed the general public, including Plaintiff Allen Chan, a duty to diligently and adequately evaluate the performance of employees regarding safe driving and their duty of care, including through the use of supervision.

31. Defendant USA owed the general public, including Plaintiff Allen Chan, a duty to dismiss employees who fail to exhibit safe driving and an understanding of their duty of care.

32. Defendant USA breached its afore mentioned duties to the general public, including Plaintiff Allen Chan, by failing to properly evaluate, supervise, and/or dismiss Defendant MARLON B. PARILLA.

33. Defendant USA's negligence caused or contributed to cause Plaintiff Allen Chan to sustain injuries to his brain, neck, shoulder, back, buttocks, and thighs. He suffered pain and anxiety of body and mind, and experienced emotional upset as an incident of his physical injuries, suffers them at the present time, and will suffer them in the future, said injuries, pain, and damages being permanent, disabling, and progressive.

34. By reason of his injuries, Plaintiff Allen Chan paid or became obligated for, and in the future will pay or become obligated for, items of expense in obtaining and receiving medical

care and treatment, including possible surgery, and has suffered loss of enjoyment of life.

WHEREFORE, Plaintiff Allen Chan prays that he be awarded fair and reasonable damages in excess of $75,000.00 together with his costs herein incurred and expended, and for such further and additional relief as this Court deems just and proper under the circumstances.

### COUNT IV - NEGLIGENCE

COMES NOW Plaintiff Allen Chan, and for Count IV of his cause of action against Defendant MARLON B. PARILLA, Jr., alleges and states as follows:

35. Plaintiff Allen Chan adopts by reference paragraphs 1-34.

36. That Defendant MARLON B. PARILLA, Jr. owed Plaintiff Allen Chan a duty to operate his vehicle with the highest degree of care, yet failed to do so and was therefore negligent, reckless, and careless in the following respects:

 a. in failing to yield the right of way;

 b. in failing to keep a careful lookout;

 c. in driving at an excessive speed under the circumstances;

 d. in failing to sound warning;

 e. in failing to stop or slow after he knew or, by the use of the highest degree of care, could have known there was a reasonable likelihood of collision; and

 f. in allowing his vehicle to come into contact with Plaintiff's vehicle.

37. That on or about May 25, 2019, the State of California had in full force and in effect various statutes; that Defendant breached said codes that constitute actionable negligence per se and that the specific codes which were breached are set forth in pertinent part:

 a. in driving recklessly in violation of Vehicle Code 23103; and

 b. in executing an unsafe lane change under the circumstances in violation of Vehicle Code 22107.

 c. in failing to yield the right of way in violation of Vehicle Code 21804.

38. Defendant's negligence directly caused or contributed to cause Plaintiff Allen Chan to sustain injuries to his brain, neck, shoulder, back, buttocks, and thighs. He suffered pain and anxiety of body and mind, and experienced emotional upset as an incident of his physical injuries.

He has suffered all of the above injuries, pain, and damages since the date of the accident, suffers them at the present time, and will suffer them in the future, said injuries, pain, and damages being permanent, disabling, and progressive.

39. By reason of his injuries, Plaintiff Allen Chan paid or became obligated for, and in the future will pay or become obligated for, items of expense in obtaining and receiving medical care and treatment, including surgery, and has suffered loss of enjoyment of life.

## COUNT V – LOSS OF CONSORTIUM

40. COMES NOW Plaintiff Margarette Chan, and for Count V of her cause of action against Defendant MARLON B. PARILLA, Jr., alleges and states as follows:

41. Due to the injuries sustained by her husband, Plaintiff Allen Chan, Margarette Chan has experienced loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support; and the loss of the enjoyment of sexual relations

WHEREFORE, Plaintiffs prays judgment against Defendant(s) as follows:

    a. Non-economic damages of $2,000,000;

    b. All medical and incidental expenses according to proof;

    c. All loss of earnings according to proof;

    d. Prejudgment interest to the extent permitted by law;

    e. All loss related to the loss of household services to the extent permitted by law;

    f. Trial by jury;

    g. All costs of suit; and

    h. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

DATED: Thursday, February 3, 2022    By: _____

    ROBERT F. BUZZARD, Esq.
**CALIFORNIA INJURY AGENCY**